[Cite as *State v. McLeod*, 2012-Ohio-2366.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10 BE 19 |
| | ) | |
| ALBERT P. McLEOD, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from Court of Common
                                                          Pleas of Belmont County, Ohio
                                                          Case No. 07CR0016

JUDGMENT:                                     Affirmed

APPEARANCES:
For Plaintiff-Appellee                          Chris Berhalter
                                                          Prosecutor
                                                          Daniel P. Fry
                                                          Assistant Prosecuting Attorney
                                                          147-A West Main Street
                                                          St. Clairsville, Ohio 43950

For Defendant-Appellant                     Attorney Samuel R. Smith II
                                                          75 Public Square, Suite 1111
                                                          Cleveland, Ohio 44113

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: May 29, 2012

DONOFRIO, J.

{¶1} Defendant-appellant, Albert McLeod, appeals from a Belmont County Common Pleas Court judgment convicting him of theft following a jury trial.

{¶2} On January 1, 2007, Wal-Mart manager, Dean Holtsclaw noticed appellant in Wal-Mart. He saw appellant put a computer in his shopping cart which he left in the store. He then saw appellant leave the store without making a purchase. He also saw another man purchase the same model computer and leave the store with the computer. Holtsclaw then saw appellant re-enter the store. He saw appellant go back to the shopping cart he had left with the computer in it. Appellant then purchased a small five-dollar item and presented a receipt for the computer. Appellant attempted to leave with the computer. Holtsclaw called the police and appellant was arrested.

{¶3} A Belmont County Grand Jury indicted appellant on one count of theft of property valued at more than $500 and less than $5,000, a fifth-degree felony in violation of R.C. 2913.02(A)(1).

{¶4} The matter proceeded to a jury trial where the jurors heard from Holtsclaw and appellant. They found appellant guilty. The trial court subsequently sentenced appellant to 25 days in jail. Appellant filed a timely notice of appeal on August 19, 2010.

{¶5} Appellant raises two assignments of error that share a common factual basis. Therefore, we will address them together. They state:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL ON THE THEFT CHARGE WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTION.

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} Appellant first contends that his conviction was not supported by sufficient evidence because the state failed to prove that he acted "knowingly." He asserts that there was no evidence that he knowingly obtained or exerted control

over the computer without paying for it. Appellant states that no one testified that they observed him remove or attempt to remove the computer from Wal-Mart without paying for it.

{¶7} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In essence, sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d at 113.

{¶8} The jury convicted appellant of theft in violation of R.C. 2913.02(A)(1), which provides: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"

{¶9} Appellant asserts that the state failed to prove that he acted "knowingly." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

{¶10} We must examine the evidence presented at trial to determine if it was sufficient to convict appellant. Holtsclaw and appellant were the only witnesses.

{¶11} Holtsclaw testified that on the day in question he observed appellant select a computer and place it in a shopping cart. (Tr. 111). Shortly thereafter, Holtsclaw saw another man place another computer in a shopping cart. (Tr. 111-12). The other man paid for his computer at the electronics checkout. (Tr. 112). Appellant, however, exited the store without purchasing anything. (Tr. 112). Appellant then came back into the store and retrieved the computer he had left in the cart. (Tr. 112). Holtsclaw observed appellant the entire time. (Tr. 116). Appellant

went to the front checkout and purchased one small item. (Tr. 112-13). Appellant then tried to leave the store through the grocery exit with the computer. (Tr. 113). Holtsclaw stated that at no time did appellant pay for the computer. (Tr. 116). Appellant presented the greeter with a receipt for a computer from the electronics checkout from 20 minutes prior. (Tr. 113). Holtsclaw then called the police. (Tr. 113).

**{¶12}** Holtsclaw testified that only one model of the computer appellant had in his possession was legitimately sold in Wal-Mart that day. (Tr. 114). He stated that it was purchased through the electronics checkout. (Tr. 114).

**{¶13}** Holtsclaw further testified as to what the Wal-Mart video surveillance system had recorded. It showed that appellant entered Wal-Mart with the other man at 1:25 p.m. (Tr. 119-20). At 1:28 p.m., appellant selected a computer and placed it in his cart. (Tr. 121). At 1:29 p.m., the other man selected a computer. (Tr. 122-24). At 1:33 p.m., appellant exited the store. (Tr. 124, 128). At 1:37 p.m., the other man paid for his computer. (Tr. 125-26). It was the only computer of that model sold on that day. (Tr. 126). Appellant was still outside of the store at this point. (Tr. 126). At 1:45 p.m., the other man exited the store with his purchased computer. (Tr. 129). At 1:50 p.m., appellant re-entered the store. (Tr. 129). At 1:56 p.m., appellant went through a front checkout with the computer and paid only for one item valued at $5.35. (Tr. 132). At 1:57 p.m., appellant attempted to leave the store with the computer. (Tr. 133).

**{¶14}** The receipt appellant presented as proof of his purchase of the computer was dated January 1, 2007, and listed the time of sale of the computer as 1:37 p.m. (Tr. 126-27). Additionally, it came from the register in the electronics department. (Tr. 127). The value of the computer was $598. (Tr. 127).

**{¶15}** On cross-examination, Holtsclaw admitted that no one saw appellant and the other man exchange any receipts or paperwork. (Tr. 156).

**{¶16}** This evidence was sufficient to prove that appellant knowing tried to steal the computer from Wal-Mart. According to Holtsclaw, appellant entered the store with another man. Both men proceeded to the electronics department where

they each selected the same computer model. Appellant left his computer in a shopping cart and exited the store. The unknown man paid for his computer in the electronics department and exited the store with his computer. Next, appellant went back into the store and retrieved his computer. Appellant subsequently went to the front checkout and purchased a small item. Appellant then tried to exit the store with the small item and the computer. As proof of purchase, appellant showed Holtsclaw a receipt showing a time stamp of 1:37 p.m., a time when appellant was not even in the store. Additionally, only one computer of the model appellant tried to leave with was sold at Wal-Mart that day.

{¶17} This evidence, especially when viewed in a light most favorable to the prosecution, establishes that appellant, with the purpose to deprive Wal-Mart of the computer, knowingly exerted control over the computer without Wal-Mart's consent. Thus, appellant's conviction is supported by sufficient evidence.

{¶18} Accordingly, appellant's first assignment of error is without merit.

{¶19} Secondly, appellant argues that his conviction was against the manifest weight of the evidence. He bases his argument, in part, on the fact that there was no testimony that he physically removed the computer from Wal-Mart without paying for it. He also relies on the fact that there was no video evidence that he conspired with the other man in an effort to steal the computer. And he relies on his own testimony that he paid for the computer and showed a receipt to prove it.

{¶20} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387. "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" *Id.* (Emphasis sic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. *Id.* at 390.

**{¶21}** Yet, granting a new trial is only appropriate in extraordinary cases where the evidence weighs heavily against the conviction. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). This is because determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts who sits in the best position to judge the weight of the evidence and the witnesses' credibility by observing their gestures, voice inflections, and demeanor. *State v. Rouse*, 7th Dist. No. 04-BE-53, 2005-Ohio-6328, ¶49, citing *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Thus, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. No. 99-CA-149, 2002-Ohio-1152.

**{¶22}** In addition to Holtsclaw's testimony, we must also examine appellant's testimony in determining whether the verdict was against the manifest weight of the evidence.

**{¶23}** Appellant testified that on the day in question he went to Wal-Mart to buy a computer for his granddaughter. (Tr. 166). He stated that he was alone. (Tr. 167). Appellant testified that he realized he forgot his wallet and went back out to his car to retrieve it. (Tr. 186). Appellant testified that he then went back into the store where he purchased the computer. (Tr. 168). He next went to exit the store when he realized that he forgot to buy something. (Tr. 168). He stated that he went back and bought a hair trimmer. (Tr. 170). In the meantime, an employee asked to see his receipt, which he showed her. (Tr. 168). He stated that she placed an "X" on the receipt. (Tr. 169). Then as he went to exit the store with the computer and the hair trimmer, the security guard detained him. (Tr. 169). Appellant stated that he had the computer with him from the time he purchased it until he tried to leave the store. (Tr. 180). He denied stealing the computer or working with anyone else to steal the computer. (Tr. 196).

**{¶24}** This case turned on whose testimony the jury found to be more credible. Given their guilty verdict, the jury found Holtsclaw to be the more credible

witness. Holtsclaw's testimony was supported by the video surveillance photos that showed where appellant and the other man were and at what times. His testimony was further bolstered by the fact that the only model of the particular computer that appellant tried to leave the store with that was sold at Wal-Mart that day was purchased when appellant was not in the store and the computer he had selected sat in an unattended shopping cart.

**{¶25}** Although an appellate court is permitted to independently weigh the credibility of the witnesses when determining whether a conviction is against the manifest weight of the evidence, great deference must be given to the fact finder's determination of witnesses' credibility. *State v. Wright,* 10th Dist. No. 03AP-470, 2004-Ohio-677, ¶11. The policy underlying this presumption is that the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.*

**{¶26}** In this case, the jury simply did not believe appellant's testimony that he paid for the computer. We will not second guess the jury's credibility determination. The jury's verdict was not against the manifest weight of the evidence.

**{¶27}** Accordingly, appellant's second assignment of error is without merit.

**{¶28}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.